UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-08168-AB-AS | Date: | December 4, 2025 |
|---|---|---|---|

| Title: | *Antonio Rios v. General Motors, LLC. et al* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER <u>STRIKING</u> UNTIMELY OPPOSITION [Dkt. No. 18] and <u>GRANTING</u> MOTION FOR REMAND [Dkt. No. 15]

Before the Court is Plaintiff's Motion for Remand ("Motion," Dkt. No. 15), filed on September 26, 2025, and timely noticed for hearing on December 12, 2025. Under Local Rule 7-9, any opposition was due 3 weeks before the hearing date, on November 21, 2025, and any reply was due 1 week later, on November 28, 2025. Defendant did not file its opposition ("Opp'n," Dkt. No. 18) until December 3, 2025—nearly 2 weeks late, after Plaintiff's reply deadline, and only 9 days before the hearing.

Defendant filed its opposition untimely without leave of court. The opposition merely "respectfully requests" that the Court consider the untimely opposition, stating it was untimely due to an unspecified "inadvertent calendaring error" that amounts to excusable neglect, characterizing the delay as "minimal," and stating it would not prejudice Plaintiff. *See* Opp'n p. 2.

The Court declines to consider the opposition. First, Defendant presented no evidence attesting to the "inadvertent calendaring error" that it claims was

excusable neglect. Counsel filed a declaration under penalty of perjury, but the declaration relates only to the merits of Plaintiff's Motion and does not explain the calendaring error. The Court cannot find that the calendaring error was "excusable neglect" in the absence of an explanation. The Court notes that since Plaintiff filed his Motion, at least two additional filings should have alerted Defendant that the Motion was set for December 12, 2025: the parties' Rule 26(f) Joint Report (Dkt. N. 16), filed on October 3, 2025, which observes that the Motion for Remand is set for December 12, 2025, and the Court's October 14, 2025, text-only entry (Dkt. No. 17) continuing the scheduling conference to December 12. Given these prompts as to the December 12 hearing, and without further explanation from counsel, the Court cannot find Defendant's neglect excusable. Second, it does not appear that Defendant attempted to first seek an accommodation from Plaintiff. Defendant should have sought a stipulation to extend the briefing schedule and continue the hearing. In the absence of any attempt by Defendant to clean up its error, the Court will not grant relief. Third, had an attempt at stipulating failed, the procedurally-proper way to seek relief for the very untimely opposition would have been to file a separate ex parte application along with a proposed order fully dealing with the problem. Defendant's mere "request" in the body of its opposition that the Court consider the filing is therefore improper and will be denied on that basis as well. Fourth, Plaintiff is prejudiced by the very late opposition: the opposition was filed after the reply's due date, and the hearing is set for 9 days after the opposition was filed, so it is not clear when Defendant expects Plaintiff to file a reply. This situation also unnecessarily compresses the Court's time to work on the Motion. Because there is no evidence that Defendant took any initiative to reset the schedule so as to mitigate the effects of its untimely filing, the Court will not sua sponte adjust it.

For all of these reasons, reasons, the Court declines to consider Defendant's untimely opposition (Dkt. No. 18) and instead **STRIKES** it. As a result, Plaintiff's Motion for Remand (Dkt. No. 15) is unopposed and the Court **GRANTS** it on that basis. *See* Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.")

The Clerk of Court is **ORDERED** to **REMAND** this action back to the court from which it was removed.

The hearing set for December 12, 2025 is **VACATED**.

**IT IS SO ORDERED**.